UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSE M. REYES MENDEZ,

      Plaintiff,

    v.

SPECIAL OPERATIONS ASSOCIATES, INC.,

      Defendant.

Case No. 2:25-cv-02387-CDS-EJY

**ORDER**

Plaintiff is appearing in this action *pro se* and has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also submitted a Complaint attached to his *in forma pauperis* application. ECF No. 1-1

**I.**     *In Forma Pauperis* **Application**

Plaintiff's application to proceed *in forma pauperis* is complete and demonstrates an inability to prepay filing fees and costs or give security for the same. Thus, Plaintiff is granted *in forma pauperis* status under 28 U.S.C. § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

1

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Plaintiff Fails to State a Claim Upon Which Relief May Be Granted

Plaintiff alleges only one claim in his Complaint—that is, wrongful termination. ECF No. 1-1 at 1, 5. Nonetheless, attached to the Complaint are Plaintiff's Charge of Discrimination filed with Equal Employment Opportunity Commission ("EEOC") and a Right to Sue Notice. *Id*. at 9, 11-12. Despite these attachments, Plaintiff fails to state a cognizable claim.

a.    <u>Wrongful Termination</u>

Regarding Plaintiff's "wrongful termination" assertion, it is true that a Nevada employer who terminates employment "by means … deemed to be contrary to the public policy of this state" is liable in tort to the employee for tortious discharge. *D'Angelo v. Gardner*, 819 P.2d 206, 216 (Nev. 1991). This exception to Nevada's general at-will employment rule is "a narrow one" requiring an employee to plead and then prove that termination was "based upon the employee[] refusing to engage in conduct that was violative of public policy or upon the employee[] engaging in conduct which public policy favors …." *Bigelow v. Bullard*, 901 P.2d 630, 632 (Nev. 1995). *See also Wiltsie v. Baby Grand Corp.*, 774 P.2d 432 (Nev. 1989) (per curiam) (recognizing whistleblowing as conduct that favors Nevada public policy); *Allum v. Valley Bank of Nevada*, 970 P.2d 1062 (Nev. 1998) (recognizing that it is against public policy to terminate an employee who refuses to engage in conduct that he, in good faith, reasonably believed to be illegal); *Hansen v. Harrah's*, 675 P.2d

394, 397 (Nev. 1984) (recognizing tortious discharge for firing an employee who seeks worker compensation benefits).

Here, Plaintiff pleads no facts demonstrating his termination resulted from either (1) his refusal to engage in conduct that violated Nevada's strong public policy interests or (2) his engagement in conduct protected by Nevada's public policy interests. ECF No. 1-1, generally. Thus, Plaintiff does not state an essential element of a wrongful termination claim.

Further, to the extent Plaintiff seeks to bring a wrongful termination (or tortious discharge) claim based on laws prohibiting discrimination, harassment, or retaliation enforced under Title VII of the 1964 Civil Rights Act, or other federal or state law prohibiting such conduct, the claim fails as a matter of law. The Nevada Supreme Court holds that discrimination under federal and state laws do not warrant the extension of the public policy exception to the "at-will" employment doctrine. *Chavez v. Sievers*, 43 P.3d 1022, 1025-26 (Nev. 2002); *Sands Regent v. Valgardson*, 777 P.2d 898, 899-90 (Nev. 1989).

In sum, Plaintiff fails to state a cognizable wrongful termination (tortious discharge) claim on which he can proceed. However, with an opportunity to amend Plaintiff may be able to state such a claim. Therefore, this claim is dismissed without prejudice and with leave to amend.

b.    Plaintiff States no Claim Based on Claims Brought Before the EEOC.

If Plaintiff is seeking to bring a claim exhausted by filing his Charge of Discrimination before the EEOC, he fails to do so. Even though Plaintiff received a Notice of Right to Sue, Plaintiff's Charge does not identify the basis for the alleged discrimination he claims. ECF No. 1-1 at 11-12. Instead, Plaintiff states only that he "was discriminated against." *Id*. at 11. "In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). Federal courts will consider only those claims that are like or reasonably related to the allegations in the charge. *Stache v. International Union of Bricklayers,* 852 F.2d 1231, 1234 (9th Cir. 1988), *cert. denied,* 493 U.S. 815 (1989). Plaintiff's Charge is silent with respect to the basis for discrimination. While Plaintiff's intake form—that is, the document he completed to commence the charging process—may provide more information regarding the basis for Plaintiff's discrimination claim, that document is not before the Court. What

1    is before the Court does not allow for a reasonable inference that Plaintiff exhausted any identifiable

2    claim of discrimination through his Charge of Discrimination.[1]

3        Plaintiff may be able to amend his Complaint to identify the basis for his Charge of

4    Discrimination filed with the EEOC by attaching a copy of the form he completed to commence the

5    Charge process or through sufficient factual allegations that are supported by such documentation.

6    For this reason the Court dismisses Plaintiff's claims to the extent they are meant to state a claim of

7    discrimination without prejudice and with leave to amend.

8    **IV.    ORDER**

9        IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma*

10   *Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.

11   This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas

12   or other costs associated with discovery.

13       IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF

14   No. 1-1) on the docket.

15       IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice, but

16   with leave to amend.  If Plaintiff so chooses, he may file an amended complaint no later than

17   **January 9, 2026**.  If Plaintiff files an amended complaint, it must be titled "AMENDED

18   COMPLAINT."

19       Plaintiff's amended complaint, if filed, must include all claims on which he seeks to proceed.

20   The amended complaint must include facts demonstrating in what conduct he engaged that lead to

21   his termination and how that conduct supports a wrongful termination (tortious discharge) claim.

22   Plaintiff must also identify the basis for his Charge of Discrimination—that is, what protected class

23   he identified, what conduct supports a claim of discrimination, who engaged in that conduct, and

24   how the conduct and his termination demonstrate discriminatory motive.

25

---

26   [1]    To sufficiently allege a *prima facie* case of discrimination in violation of Title VII to survive a § 1915 screening,
27   Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job for which he applied; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more
28   favorable treatment.  *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)).

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation to dismiss this action in its entirety, without prejudice.

DATED this 10th day of December, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE