UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jose M. Reyes Mendez,

                    Plaintiff

v.

Special Operations Associates Inc.,

                    Defendant

Case No. 2:25-cv-02387-CDS-EJY

**Order Accepting the Magistrate Judge's
Report and Recommendation
and Closing Case**

[ECF No. 6]

Plaintiff Jose Reyes Mendez brings this employment discrimination action against his former employer, Special Operations Associates, Inc. Compl., ECF No. 4. Because Reyes Mendez applied to proceed *in forma pauperis*, U.S. Magistrate Judge Elayna J. Youchah screened his complaint under 28 U.S.C. § 1915(e)(2) and dismissed it without prejudice, granting leave to amend by January 9, 2026. Order, ECF No. 3. Reyes Mendez was expressly warned that failure to timely file an amended complaint would result in dismissal of this action. *Id.* at 5.

After the January 9th deadline expired without Reyes Mendez complying or otherwise responding, Judge Youchah issued a report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 6. Reyes Mendez had fourteen days—until January 26, 2026—to file any specific, written objections to the magistrate judge's R&R. *Id.* (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline also passed, and no objection is filed.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order:

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

I.      Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* In cases like this one, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Reyes Mendez has delayed further adjudication of his claims by failing to timely amend his complaint so there is currently no operative complaint on file. This case cannot proceed without Reyes Mendez's compliance, and it cannot simply remain idle on the court's docket, unprosecuted. "If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish*, 191 F.3d at 991–92).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753. Reyes Mendez has

not provided an explanation, non-frivolous or otherwise, for his failure to file an amended complaint.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. Reyes Mendez was given an opportunity to amend his complaint to cure the deficiencies identified by the magistrate judge, but he failed to do so. Without an operative complaint, the claims cannot be decided on the merits; therefore, I find that the fourth factor is outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). Reyes Mendez was provided adequate warning that dismissal would result from noncompliance with the court's orders. *See* ECF No. 3 at 5. Reyes Mendez's decision not to amend leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative, so the fifth factor favors dismissal.

II.      Conclusion

Finding that four of the five factors weigh in favor of dismissal, the magistrate judge's report and recommendation **[ECF No. 6] is accepted and adopted in full**. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: February 4, 2026

_____
Cristina D. Silva
United States District Judge

4